## In the Matter of Raymond L. BALOGH, Jr.

### No. 71S00–9608–DI–528.

Supreme Court of Indiana.

Oct. 6, 2000.

### ORDER FINDING MISCONDUCT AND IMPOSING DISCIPLINE

The hearing officer appointed by this Court to hear evidence on the Disciplinary Commission's *Verified Complaint for Disciplinary Action* has submitted his report to this Court. Upon review of that report, we find that the findings contained therein should be adopted and that the respondent engaged in attorney misconduct. Specifically, we now find as follows:

**Facts:** Under four counts of the complaint, the respondent agreed to represent clients on various matters, then failed to take action at all or to pursue the contemplated actions with sufficient diligence and promptness. After withdrawing or being terminated from the representations, the respondent in several instances failed to return to clients case file materials to which they were entitled or unearned legal fees. In other counts, the respondent settled a case contrary to his client's wishes and borrowed from a client $15,000 of a $20,000 settlement he obtained on the client's behalf, then defaulted on the loan.

**Violations:** Failure to act with reasonable diligence and promptness or to abide by his clients' decisions regarding representation (Prof.Cond.R. 1.3, 1.2(a)); failure to communicate adequately with his clients (Prof.Cond.R. 1.4); failure to reduce contingency fee to writing (Prof.Cond.R. 1.5(c)); representing client's interests when such interests were adverse to his own and entering a business transaction with a client (Prof.Cond.R. 1.7(b), 1.8(a)); failing promptly to deliver funds to a third party entitled to them (Prof.Cond.R. 1.15(b)); withdrawing from representation when such withdrawal caused material ad-

verse effect on client's interests (Prof. Cond.R. 1.16(b)); failure to protect clients' interests upon termination of representation (Prof.Cond.R. 1.16(d)); failure to expedite litigation consistent with clients' interests (Prof.Cond.R. 3.2); making false statement of material fact to a third party (Prof.Cond.R. 4.1(a)); failure to respond to Commission demand for information (Prof. Cond.R. 8.1(b)); conduct involving misrepresentation and that was prejudicial to the administration of justice (Prof.Cond.R. 8.4(c), (d)).

For the misconduct found herein, this Court now finds that the respondent should be suspended from the practice of law for a period of not fewer than three (3) years, effective November 13, 2000, at the conclusion of which any reinstatement must be conditioned upon his successful petition pursuant to Ind.Admission and Discipline Rule 23(4). Costs of this proceeding are assessed against the respondent.